# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70300-5-I |
| | ) | (consolidated w/ No. 70301-3-I) |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| DENNIS M. CROWLEY | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent, | ) | |
| v. | ) | |
| | ) | |
| JENNIFER M. DETMERING, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 19, 2016 |
| | ) | |

SPEARMAN, C.J.— Following the investigation and search of a Bellingham medical marijuana business, the State charged the owners, Jennifer Detmering and Dennis Crowley, with six counts of delivery of marijuana, one count of possession of a controlled substance with intent to deliver, one count of maintaining a place for controlled substances, and one count of conspiracy to deliver a controlled substance. Crowley and Detmering moved to suppress the evidence obtained in the search, arguing that the search warrant was not supported by probable cause because their medical marijuana business was lawful under the Medical Use of Cannabis Act (MUCA), chapter 69.51A RCW.

The superior court denied the motion, ruling there was probable cause to believe the business was not complying with MUCA.

The court certified its decision for discretionary review by this court under RAP 2.3(b)(4). We accepted review and later stayed the appeal pending the Washington State Supreme Court's decision in State v. Reis, 183 Wn.2d 197, 351 P.3d 127 (2015). Because Reis controls this appeal, we affirm the denial of the motion to suppress and remand for further proceedings.

## FACTS

Crowley and Detmering own a Bellingham medical marijuana business called KGB Collective (KGB). In 2011, Bellingham police commenced an investigation into KGB's sales activities. On March 14, 2012, the State charged Crowley and Detmering with four counts of unlawful delivery of marijuana and one count of unlawful possession of marijuana. That same day, police sought and obtained a search warrant for KGB's premises. A court commissioner concluded there was probable cause to believe that the business was not complying with MUCA due to the numerous strains, large quantity, and multiple sources of marijuana in the store. Officers executing the warrant found 45 marijuana plants, 10.5 pounds of marijuana, and approximately 104 membership agreements that did not designate a provider.

The State filed an amended information adding two more counts of unlawful delivery, one count of maintaining a place for controlled substances, and one count of conspiracy to deliver marijuana.

No. 70300-5-I/3 (Consolid. w/No. 70301-3-I

In February 2013, Crowley and Detmering moved to suppress the fruits of the search. They argued that under 2011 amendments to MUCA, medical marijuana businesses complying with MUCA were protected from searches or arrests for violations of the Uniform Controlled Substances Act, chapter 69.50 RCW. They maintained that such businesses could be searched only if there was probable cause to believe they were not complying with MUCA. The State countered that the alleged protection from search and arrest did not exist because the registry required for such protection had been vetoed by the governor. As a result, the Act only provided an affirmative defense, and medical marijuana businesses could be searched based solely on probable cause to believe they were violating chapter 69.50 RCW.

The court denied the motion to suppress, ruling that "[t]he search warrant was supported by probable cause that defendants and the dispensary were operating in violation of [MUCA]." Clerk's Papers (CP) at 103. We granted discretionary review, consolidated Crowley's and Detmering's appeals, and linked them to State v. Reis, Court of Appeals, Division One, No. 69911-3.

On March 31, 2014, after appellants filed their opening brief, this court issued its opinion in State v. Reis,[1] holding in pertinent part:

> William Reis was charged with manufacturing a controlled substance. . . after a search of his residence pursuant to a warrant revealed evidence of a marijuana growing operation. The trial court denied his motion to suppress the evidence. **The issue on discretionary review is whether, following the 2011 amendments to the Medical Use of Cannabis Act,**

[1] 180 Wn. App. 438, 322 P.3d 1238, review granted, 336 P.3d 1165 (2014).

- 3 -

> chapter 69.51A RCW, a search warrant must be based on probable cause of a violation of medical marijuana laws. We conclude that "qualifying patients" and "designated providers" under the Act are able to assert only an affirmative defense at trial to a charge of violation of marijuana laws. The search warrant here was supported by probable cause where it was based on evidence of a marijuana growing operation.

(Emphasis added). (Footnote omitted). Reis, at 440.

In May 2014, following this court's decision in Reis, Crowley and Detmering filed a reply brief in which they conceded that Reis essentially controls the issues in this appeal. They argued, however, that Reis was wrongly decided. We then stayed the appeal pending the Supreme Court's review of our decision in Reis.

In May 2015, the Supreme Court affirmed our decision in Reis, stating in part: "We hold that the search was valid because the plain language of the statute and the legislative intent as expressed in the governor's veto message lead to the conclusion that a user or possessor of cannabis may raise only an affirmative defense under MUCA." Reis, 183 Wn.2d at 218. We subsequently lifted the stay in this case.

## DECISION

A trial court's probable cause determination is a legal question we review de novo. State v. Neth, 165 Wn.2d 177, 182, 196 P.3d 658 (2008). We may affirm the trial court on any basis supported by the record and the law. State v. Kelley, 64 Wn. App. 755, 764, 828 P.2d 1106 (1992).

No. 70300-5-I/5 (Consolid. w/No. 70301-3-I

The Supreme Court held in <u>Reis</u> that MUCA does not protect complying medical marijuana businesses from searches or arrests conducted under chapter 69.50 RCW, but rather provides them only with an affirmative defense to assert at trial. Accordingly, contrary to Crowley and Detmering's assertions, KGB could be searched for violations of chapter 69.50 RCW provided there was probable cause to do so. It is undisputed that the search warrant in this case was supported by probable cause to believe that evidence of an offense under chapter 69.50 RCW would be found on KGB's premises. The trial court therefore did not err in denying the motion to suppress.

We affirm and remand for further proceedings.

Spearman, C.J.

WE CONCUR:

Trickey, J.

Cox, J.

- 5 -